CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
12/11/2023
LAURA A. AUSTIN, CLERK
BY: s/ ARLENE LITTLE
     DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| DEBORAH MOGENSEN AND KARL MOGENSEN, *Plaintiffs*, <br><br> v. <br><br> Michelle Welch, in her individual capacity and in her official capacity as the Senior Assistant Attorney General of Virginia and Director of the Animal Unit *Defendant*. | Case No. 6:23CV00077 <br><br> **JURY TRIAL DEMANDED** |

### COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND TEMPORARY RESTRAINING ORDER

Deborah and Karl Mogensen file this Complaint, using 42 U.S. Code § 1983 as a vehicle, against Defendant Michelle Welch, in her individual and official capacities, for violating the due process rights at issue in this case. Mr. and Ms. Mogensen request the following:

1. This Court declare the ten day notice period unconstitutional under the facts surrounding this statute such as the requirement—to an adequate defense—of having a scientific, species expert regarding taken animals, the necessity for a competent legal team in the area of civil forfeiture an constitutional rights, and the need for discovery such a documentary evidence and depositions, inter alia—all of which cannot be accomplished in ten business day from a taking of agricultural and farm animals;

2. Grant a temporary restraining order against the Defendant from pursuing a civil forfeiture hearing until this Court rules on the issues before it;

3. Declare unconstitutional the Defendant's attempts at exercising control over Plaintiffs' property through alleged animal action plan, which mandates that Defendant take certain action regarding Plaintiffs' animals which were not seized and are not subject to the requested forfeiture hearing; and

4. Grant a temporary restraining order against the Defendant from exercising control over said animals through these action plans—regarding animals who were admittedly not seized and are not subject to the requested forfeiture hearing.

## INTRODUCTION

Defendant is trying to put Plaintiffs out of business, and Defendant's primary weapon to accomplish this task: violating Mr. and Mrs. Mogensen's due process rights. Coming on to Plaintiffs' property with no less than seven alleged—with emphasis on the word <u>alleged</u>—experts; taking approximately 95 of Plaintiffs animals (including 4 giraffes worth about one million dollars), totaling at least seventeen different species; and torturing and killing a prized white tiger through complete incompetence—Defendant expects Plaintiffs to mount a defense to all of this in 10 business days. That means Plaintiff would have to acquire multiple experts; obtain a competent legal team; obtain necessary discovery, including the taking of numerous depositions, including expert depositions of at least the

*alleged* seven expert veterinarians who were used to justify taking the 17 different species; and the legal and expert teams review of all discovery provided, inter alia. For example, today, 12/11/2023 the undersigned was sent more than 1,500 documents with more to come throughout the week, presumably up to the day of this 10-day hearing. Adequate preparation that respects due process regarding the taking of property simply cannot be accomplished in ten business days.

Significantly, and the following point is seriously significant: the civil forfeiture hearing **has severe criminal implications**—of which Defendant readily knows and admits to—because if the animals are taken under arguments of abuse, neglect, or otherwise—those finds will play a vital role in determining criminal charges against the Plaintiffs, who have not been charged criminally with any offense as of this date.

Additionally, Mr. and Mrs. Mogensen did *not* own two of the animals seized by Defendant, and the proper owners of those two animals are only legally entitled to five days' notice to put up their innocent owner defense, which again will acquire obtaining a legal team, along with relevant discovery and depositions.

Having a legal battle over whether particular animals have been abused is not problem; the problem is that the Defendant is using an unconstitutional law to practically ensure Plaintiffs' inadequate defense to its attempt at taking alleged

paid for property, agricultural and zoo animals, inter alia. We are talking about the government taking of property, government takins that comes with correlated constitutional protections from abuse.

1.

## JURISDICTION AND VENUE

2.

Jurisdiction of this Court is based on federal question jurisdiction. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to claims occurred within this District and Division and Defendants reside and transact business in this District and Division.

## PARTIES

3.

Plaintiffs, Mr. and Mrs. Mogensen, at all times relevant were residents and citizens of Virginia, and submits to the jurisdiction of this Court. Mr. and Mrs. Mogensen have owned and operated Natural Bridge Zoo since 1972; Natural Bridge Zoo is located at 5784, 5746, 5742, 5826 S. Lee Highway, Natural Bridge, Virginia, 24578-3545. (See Ex. 1, for search warrant.)

4.

Mr. and Mrs. Mogensen are the owners of the majority — but not all — of the animals taken by Defendant during a search and eventually seizure of property, property that totaled approximately 95 animals. (See Exhibit 1.) A notice of civil forfeiture hearing was served on Mr. and Mrs. Mogensen, requesting a civil forfeiture hearing on December 20, 2023. (See Ex. 2.)

5.

Defendant Michele Welch the Senior Assistant Attorney General of Virginia and Director of the Animal Unit. Ms. Welch planned, ordered, and condoned — as the Director of the Animal Law Unit — the search of Plaintiffs' property and seizure of Plaintiffs' animals, along with the seizure of animals located on Plaintiffs' property but who were not owned by Plainitff — some of the animals had different owners and will make claim to those animals through the proper procedure. Ms. Welch was present at the property during the seizure, directing law enforcement and other agents with respect to the animals seized.

## ISSUES BEFORE THE COURT

6.

This action challenges the constitutionality of Va. Code Ann. § 3.2-6569 (C) which states

"Upon seizing or impounding an animal, the humane investigator, law-enforcement officer or animal control officer shall petition the general district court in the city or county where the animal is seized for a hearing. The hearing shall be not more than 10 business days from the date of the seizure of the animal. The hearing shall be to determine whether the animal has been abandoned, has been cruelly treated, or has not been provided adequate care."

7.

Va. Code Ann. § 3.2-6569 (C) is unconstitutional because it violates the due process rights of Mr. and Mrs. Mogensen to an adequate opportunity to mount an adequate defense to the taking of their animals. For example, in this case, 95 animals were taken from the Plaintiffs. Many of those 94 animals were taken to different locations. In the process of taking those 95 animals, the Defendant has, allegedly, seven veterinarian experts on location, and that means there is a potential for all seven of those experts to testify at the 10-day civil forfeiture hearing.

8.

Furthermore, the subject civil forfeiture hearing has severe criminal implications because, if any animal is taken under the charge of abuse, neglect, or otherwise, that basis will also be used to determine criminal charges against

Mr. and Mrs. Mogensen. As of now, there are no criminal charges, those charges typically come after the forfeiture hearing.

9.

Additionally, the civil forfeiture hearing requires innocent owners to mount a defense with many times just five days' notice. Specifically, the statue reads:

> The humane investigator, law-enforcement officer, or animal control officer shall cause to be **served upon the person with a right of property in the animal** or the custodian of the animal notice of the hearing. If such person or the custodian is known and residing within the jurisdiction wherein the animal is seized, **written notice shall be given at least five days prior to the hearing of the time and place of the hearing**. If such person or the custodian is known but residing out of the jurisdiction where such animal is seized, written notice by any method or service of process as is provided by the Code of Virginia shall be given. If such person or the custodian is not known, the humane investigator, law-enforcement officer, or animal control officer shall cause to be published in a newspaper of general circulation in the jurisdiction wherein such animal is seized notice of the hearing at least one time prior to the hearing and shall further cause notice of the hearing to be posted at least five days prior to the hearing at the place provided for public notices at the city hall or courthouse wherein such hearing shall be held…
>
> If the court determines that the animal has been neither abandoned, cruelly treated, nor deprived of adequate care, the animal shall be returned to the owner. If the court determines that the animal has been (i) abandoned or cruelly treated, (ii) deprived of adequate care, as that term is defined in § 3.2-6500, or (iii) raised as a dog that has been, is, or is intended to be used in dogfighting in violation of § 3.2-6571, then the court shall order that the animal may be: (a) sold by a local governing body, if not a companion animal; (b) disposed of by a local governing body pursuant to subsection D of § 3.2-6546, whether such animal is a companion animal or an agricultural

animal; or (c) **delivered to the person with a right of property in the animal as provided in subsection** G…

In no case shall the owner be allowed to purchase, adopt, or otherwise obtain the animal if the court determines that the animal has been abandoned, cruelly treated, or deprived of adequate care. The **court shall** direct that **the animal be delivered to the person with a right of property in the animal, upon his request, if the court finds that the abandonment, cruel treatment, or deprivation of adequate care is not attributable to the actions or inactions of such person**.

## FACTUAL ALLEGATIONS

10.

On or about December 6-7, 2023, Defendant supervised a search of Plaintiffs' Natural Bridge Zoo, and during that period, Defendant ordered and condoned the taking of approximately 95 animals from the zoo.

11.

During the search and seizure, Defendant had approximately seven alleged "veterinarian experts" present assessing the zoo animals; all seven of these veterinarians may testify at said requested civil forfeiture hearing. Each of these alleged veterinarian "experts" presumable have notes and possibly reports related to the approximately 95 taken animals.

12.

The approximately 95 taken animals were separated after being taken and

thus are currently being held at different locations based on information and belief.

13.

During the seizure, a white tiger, owned by Plaintiffs, was killed, with the Defendant's so called expert veterinarians claiming that Plaintiffs treatment of the animal warranted said killing; but according to Plaintiffs, Defendant's ineptness led to the torture and killing of said white tiger. (See Ex. 4, https://m.youtube.com/watch?si=1Mm2vAadNeGcYHkb&fbclid=IwAR2j9WnYiiVQVZM-ZU_8jJ8d44zpCHwb908tFIgp_0ROXLO4FuH-WywnUvw&v=PY_RCE26LaQ&feature=youtu.be "Raw Interview: Natural Bridge Zoo owner's daughter, Gretchen Mogensen, talk with WSLS." )

14.

On or about December 8, 2023, Defendant served notice of its request to hold a civil forfeiture hearing on December 20, 2023 pursuant to Va. Code Ann. § 3.2-6569  See Ex. 2.)

15.

The hearing only provides 10 business days to prepare do the following:

1. Request and acquire relevant discovery;
2. Acquire experts for the various animals at issue because different species require different experts, and Defendant took more than 15

      species of animals;

3. Provide each expert sufficient time to examine the evidence, including on-site visits to the animals for independent examination;

4. Provide each expert with sufficient time to actually write a report;

5. Permit Plaintiffs sufficn3int time to acquire a legal team;

6. Sufficient time for the legal team to talk to experts, gather witnesses, and prep witnesses; and

7. Sufficient time to depose witnesses, so the civil forfeiture hearing is not trial by ambush

That's just some of the time-consuming issues that Defendant wants addressed in only ten days. Civil Plaintiffs' attorneys are given months to find experts and generate reports, in cases that don't involve multiple experts for over species, and in cases in which the outcome can have **severe criminal implications**.

16.

Moreover, owners who have nothing to do with the alleged abuse of their animals, are only required to have five days' notice of the civil forfeiture to mount their defense, a defense that again will require multiple experts and scientific evidence, along with finding experienced representative counsel—all of which carries with it significant time to assess evidence, coordinate schedules, and

mount a legitimate defense.

17.

In this case, a taken lemur and one of the four giraffes are not owned by the Plaintiffs at the time they were seized; the actual owners have been notified by counsel and intend on making a claim against the seizure, pursuant to relevant statutes, to regain possession of their seized animals.

18.

Defendant gave the Plaintiffs "Action Plans," attempting to mandate particular steps toward the care of approximately 15 different type of animals; the actions state the following, inter alia:

> "This action plan has been provided to the primary custodian for these animals. Failure to follow this plan or any written plan provided by a veterinarian utilized by the custodian should be viewed as a willful act. Animal Control Officers should closely monitor Natural Bridge Zoo to ensure compliance with these requirements and the custodian is hereby notified that further action may be taken against him if these improvements are not made promptly."

(See Ex. 3.) These Actions Plans, mandating certain steps towards the care of certain property (animals) relate to property (animals) that Defendant did not seize and are not subject to the forfeiture hearing that Defendant is pursuing.

## COUNT I

**42 U.S. CODE § 1983 VIOLATION OF DUE PROCESS PURSUANT TO THE 14TH AMENDMENT OF THE U.S. CONSTITUTION: REQUEST FOR DECLARATORY AND INJUNCITVE RELIEF, INCLUDING A TEMPORARY RESTRAINING ORDER**
*(Against Defendants)*

19.

The allegations of the above paragraphs 1-18 are re-alleged and incorporated by reference as if fully set forth herein.

20.

Based on the incorporated facts above, holding a civil forfeiture hearing within ten days of taking said animals violated the due process rights of Plaintiffs'. The Defendant is essentially trying to put Plaintiffs out of business without due process. The Injunctive relief has nothing to do with money and the harm to Plaintiffs is ongoing. Plaintiffs' request this Court declare the specific provision unconstitutional and issue a temporary restraining order regarding the requested December 20, 2023 civil forfeiture hearing, until this Court rules on the issues before it.

21.

Further, Plaintiffs request that this Court declare that the Action Plans are unconstitutional and void as unlawful because the government is trying to exercise unlawful control over animals it does not have control over. By infringing on the ownership's rights of the Plaintiffs regarding these animals, the government is essentially exercising the taking of these animals, without due process. These animals have not been seized and are not subject to Defendant's requested forfeiture hearing. (See Ex. 3, from copy of "Action Plans".)

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request:

(a) Order summons to be issued for service of process upon all Defendants;

(b) Order that a jury determine all issues not settled by this Court;

(c) Declare that Va. Code Ann. § 3.2-6569 violates Plaintiffs' rights under the Fourteenth Amendment to the United States Constitution;

(d) Declare Defendants Actions plan void as an unconstitutional taking/seizure over property that Defendants admits has not been seized, is not subject to Defendants requested seizure, and is not subject to any criminal or civil penalties;

(e) Order Defendants to **pay** all reasonable costs and attorney's fees pursuant to 42 U.S.C. § 1988, to Plaintiffs;

(f) That Plaintiffs receive such other and further relief as the Court deems just and proper.

Respectfully submitted this 11th day of December 2023,

/s/ Mario B. Williams
Mario B. Williams
Va. Bar No. 91955


**HUMANITY DIGNITY AND RIGHTS LLC**
5600 Roswell Road
Building C, Suite 103
Sandy Springs, Georgia 30342
(404) 341-4434
mwilliams@hdrattorneys.com
admin@hdrattorneys.com
*Counsel for Plaintiff*