IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| DEBORAH MOGENSEN AND KARL MOGENSEN, *Plaintiffs*, <br><br> v. <br><br> Michelle Welch, in her individual capacity and in her official capacity as the Senior Assistant Attorney General of Virginia and Director of the Animal Unit *Defendant*. | Case No. 6:23-cv-00077-NKM |

## PLAINTIFFS' SUPPLEMENTAL AUTHORITY

Plaintiffs file this Supplemental Authority Brief to argue that this Court should grant their MOTION for a TRO until an injunction hearing can take place, because the Supreme Court has expressly stated that when a litigant simply has no opportunity to see equitable redress in in judicial or non-judicial proceedings for alleged Constitutional violations, this Court has the right and duty to hear the Constitutional challenges, which deal directly with the taking of millions of dollars' worth of property without adequate due process. See Middlesex County Ethics Committee, etc., Petitioner v. Garden State Bar Association, et al. 457 U.S. 423, 432 (1982). Consequently and **contrary** to the Defendants' position: the law

**does not** provide an adequate remedy to the Plaintiffs for the relief which they seek.

This is a civil forfeiture hearing; that means this hearing implicates one of the primary impetus for our Constitution: preventing the taking of property without adequate due process. Nowhere in civil litigation does a trial take place in 10 days, when that trial requires expert opinions, the review of thousands of documents, the traveling of lawyers and experts to Court and all the other reasons set forth in Plaintiffs' Complaint and relevant Motions.

## AUTHORITY

As the Supreme Court has expressly stated, generally (with an important exception), the policies underlying Younger v Harris, 401 U.S. 37 (1971) are fully applicable to non-criminal judicial proceedings when important state interests are involved. See Middlesex County Ethics Committee, etc. v. Garden State Bar Association, et al. 457 U.S. 423, 432 (1982). The exception is the following, a significant point that applies directly to the case before this Court: "[w]hether the federal plaintiff has an adequate opportunity to present the federal challenge" in the State Court at issue. Id., at 432. Driving that point home, while recognizing the State's important interests at issue in Middlesex, the Supreme Court emphasized that if the litigants' constitutional claims cannot be determined in the State Court's proceedings, then the federal court should step in. (Id. at 435. Reasoning that "so

long as the constitutional claims of the respondents can be determined in the state proceedings… the federal courts should abstain.")

Here, this Court acknowledged the fact that General District Court is not a court of equity; therefore, the Plaintiffs absolutely cannot seek equitable relief with respect to their due process rights because the General District Court is barred from providing Plaintiffs relief as a matter of law. (See Article 5 § 16.1-77, Civil Jurisdiction of General District Courts, stating "[h]owever, the general district court shall **not** have any power to issue injunctions.") The inadequate protection provided by the General District Court statutory inability to afford equitable relief that the Plaintiffs seek falls right in line with the Supreme Court's statement that "[t]he accused should first set up and rely on his defense in the state courts, unless it plainly appears that this course would not afford adequate protections. Middlesex, 457 U.S. at 435. Again, there is no adequate protection by seeking declaratory and injunctive relief in the General District Court because as a matter of law, this Court cannot provide such relief. (See Article 5 § 16.1-77, Civil Jurisdiction of General District Courts, stating "[h]owever, the general district court shall **not** have any power to issue injunctions.") There is simply zero adequate opportunity for the Plaintiffs to raise their equitable constitutional claims and thus **Plaintiffs have no adequate remedy at law in state court, with respect to the equitable relief Plaintiffs seek in this Court**.

Moreover, bad faith is at issue here. Plaintiffs' counsel flat out asked opposing counsel to consent to a continuance given the fact that the Commonwealth has engaged in rolling document production as recent as this past Sunday, 95 animals were taken representing 17 species, a fact that requires multiple experts to examine ongoing document production, and all the reasons listed in Plaintiffs' Complaint and correlated Emergency Motion. The Commonwealth said: no, attempting to force Plaintiffs into a compromised position.

As Plaintiffs argued, this is a unique situation, which Plaintiffs are not afforded any opportunity to argue for equitable relief in General District Court, and are at a decisive disadvantage by being forced to respond—in 10 days—to a forfeiture hearing of which the Commonwealth of Virginia admitted to this Court was years in the making.

<u>Commonwealth of Virginia v. Sally Minetree</u>. This Order, which was referred to by counsel for Defendant in today's hearing, concerned an appeal bond of $61,000 set by the Fauquier General District Court following a hearing for the forfeiture of 72 dogs. Petitioner sought to enjoin or "remove" the appeal bond in order to perfect an appeal in the Circuit Court. The Eastern District found Petitioner failed to establish a likelihood of success by application of the anti-

injunction act (28 U.S.C. Section 2283) and did not consider the remaining factors of Winter v. Natural Resources (standard for granting injunction).

Under Mitchum v. Foster, 407 U.S. 225 (1972), the anti-injunction act is not applicable to a Section 1983 claim, which expressly authorizes federal injunctions of state proceedings because its purpose was to "interpose the federal courts between the States and the people" and to enforce the 14th Amendment against state action. This case has been undoubtedly brought under Section 1983.

Thus what remains is the Younger doctrine and its progeny and as Plaintiffs have shown above, Middlesex requires the equitable intervention that Plaintiffs seek because The General District Court in this instance simply cannot grant the injunctive relief, which Plaintiffs seek with respect to the Constitutional challenge Plaintiffs have brought before this Court. Consequently, The balance of equities and likelihood of success on the merits and other Winter factors clearly favor Plaintiffs because of the Supreme Court's recognition that Federal Court intervention is paramount when State Courts simply cannot hear Constitutional challenges as a matter of law—and again this is a case about the government taking property valued in the millions and the irreparable harm to reputation and business is clear. Plaintiffs request that this Court grant its TRO until this issue can be heard further.

## CONCLUSION

For the reasons set forth in Plaintiffs relevant documents including this Supplemental Authority, Plaintiffs request this Court grant their TRO because the Virginia General District Court cannot hear nor grant the injunctive relief Plaintiffs seek with respect to the Constitutional challenges before this Court and the taking of property without adequate due process is protected by the U.S. Constitution. Nowhere in civil litigation does a trial take place in 10 days, and nowhere in civil litigation does a trial take place in 10 days when that trial requires expert opinions, the review of thousands of documents, the traveling of lawyers and experts to Court and all the other reasons set forth in Plaintiffs' Complaint and relevant Motions.

Respectfully submitted this 18th day of December 2023,

/s/ MARIO B.WILLIAMS
Mario B. Williams
Va. Bar No. 91955

**HUMANITY DIGNITY AND RIGHTS LLC**
5600 Roswell Road
Building C, Suite 103
Sandy Springs, Georgia 30342
(404) 341-4434
mwilliams@hdrattorneys.com
admin@hdrattorneys.com
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing PLAINTIFFS' SUPPLEMENTAL AUTHORITY has been served upon the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record.

Respectfully submitted this 18th day of December 2023,

/s/ MARIO B.WILLIAMS
Mario B. Williams
Va. Bar No. 91955

**HUMANITY DIGNITY AND RIGHTS LLC**
5600 Roswell Road
Building C,  Suite 103
Sandy Springs, Georgia 30342
(404) 341-4434
mwilliams@hdrattorneys.com
admin@hdrattorneys.com
*Counsel for Plaintiffs*