IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**MOTION TO STAY**

Deborah and Karl Mogensen bring this Motion pursuant to Federal Rules of Appellate Procedure Rule 8(a)(1)(C) and hereby respectfully move this Court, to grant a stay of proceedings in the matter of Mogensen et al. v. Welch et al., Case No. 6:23-cv-00077-NKM in the Western District of Virginia.

This request relates to the Order made by U.S. District Court Judge Norman Moon, denying Appellants' Motion for a Temporary Restraining Order, requesting that the Commonwealth of Virginia be prohibited from seeking a civil forfeiture hearing—in the General District Court of Rockbridge County Virginia—until the Appellants' due-process challenges have been heard and resolved.

**QUESTION PRESENTED**

When a litigant is given only 10 days to prepare for a civil forfeiture hearing, which involves the taking of property/animals (95 animals worth millions of dollars), and this taking requires scientific experts, the review of thousands of pages of information, and much more, to set forth an adequate defense before the seizure of said property—can the federal court intervene to hear the due-process challenges when the state proceeding cannot hear or grant the equitable relief sought—as a matter of law?

~ 1~

## AUTHORITIES INVOLVED

1. <u>Younger v. Harris</u>, 401 U.S. 37 (1971);

2. <u>Middlesex County Ethics Committee, etc. v. Garden State Bar Association</u>, et al. 457 U.S. 423, 432 (1982);

3. **Virginia Code Article 5 § 16.1-77**, <u>Civil Jurisdiction of General District Courts</u>, stating "[h]owever, the general district court shall **not** have any power to issue injunctions";

4. <u>Virgina Code 3.2 § 6569</u>, stating "[u]pon seizing or impounding an animal, the humane investigator, law-enforcement officer or animal control officer shall petition the general district court in the city or county where the animal is seized for a hearing. The hearing shall be **not more than 10 business days** from the date of the seizure of the animal. The hearing shall be to determine whether the animal has been abandoned, has been cruelly treated, or has not been provided adequate care."

The pertinent facts of this motion are as follows:

**1. Parties Involved** and **Nature of Request**:

The Appellants seek a stay of the aforementioned order to stop the Commonwealth from pursuing the said Civil Forfeiture Hearing currently

~ 2~

scheduled in the General District Court, for December 20, 2023—until this appeal is resolved

2. **Risk of Irreparable Harm**: The Appellants assert that the continuation of the Civil Forfeiture Hearing violates their Constitutional due-process rights because:

   a. Appellants had 95 animals taken, on December 6-8, 2023 (See Exhs, 2, 3, 4, for copies of complaint and relevant motions, and correlating exhibits);

   b. These 95 animals represent property valued in the millions of dollars;

   c. Appellees are attempting to forfeit Appellants' property and to that end, Appellees have provided notice of a civil forfeiture hearing to take place, on December 20, 2023, just ten days after the notice was provided to Appellants, Mr., and Ms. Mogensen; (See Id.);

   d. Appellants have been given only 10 days to prepare expert testimony, review thousands of documents that have been provided on a rolling basis through Sunday, December 17, 20203, for a hearing that is supposed to take place on December 20, 2023. (See Ex. 2, Complaint outlining many issues/obstacles.)

## BRIEF REASON TO GRANT THIS MOTION

The Supreme Court has stated that when a litigant does not have an adequate opportunity to present Constitutional challenges in state proceedings then said litigant has a right to present those Constitutional Challenges before a federal court, and the federal court is not violating the Younger doctrine and its progeny, by intervening. See Middlesex County Ethics Committee, etc. v. Garden State Bar Association, et al. 457 U.S. 423, 432 (1982).

As the Supreme Court has expressly stated, generally (with an important exception), the policies underlying Younger v Harris, 401 U.S. 37 (1971) are fully applicable to non-criminal judicial proceedings when important state interests are involved. See Middlesex County Ethics Committee, etc. v. Garden State Bar Association, et al. 457 U.S. 423, 432 (1982). The exception is the following, a significant point that applies directly to the case before this Court: "[w]hether the federal Appellant has an adequate opportunity to present the federal challenge" in the State Court at issue. Id., at 432. Driving that point home, while recognizing the State's important interests at issue in Middlesex, the Supreme Court emphasized that if the litigants' constitutional claims cannot be determined in the State Court's proceedings, then the federal court should step in. (Id. at 435. Reasoning that "so long as the constitutional claims of the respondents can be determined in the state proceedings… the federal courts should abstain.")

Here, the lower court acknowledged the fact that General District Court is not a court of equity; therefore, the Appellants absolutely cannot seek equitable relief with respect to their due process rights because the General District Court is barred from providing Appellants relief as a matter of law. (See Article 5 § 16.1-77, Civil Jurisdiction of General District Courts, stating "[h]owever, the general district court shall **not** have any power to issue injunctions.") The inadequate protection provided by the General District Court statutory inability to afford equitable relief that the Appellants seek falls right in line with the Supreme Court's statement that "[t]he accused should first set up and rely on his defense in the state courts, unless it plainly appears that this course would not afford adequate protections. Middlesex, 457 U.S. at 435. Again, there is no adequate protection by seeking declaratory and injunctive relief in the General District Court because as a matter of law, this Court cannot provide such relief. (See Article 5 § 16.1-77, Civil Jurisdiction of General District Courts, stating "[h]owever, the general district court shall **not** have any power to issue injunctions.") There is simply zero adequate opportunity for the Appellants to raise their equitable constitutional claims and thus **Appellants have no adequate remedy at law in state court, with respect to the equitable relief Appellants seek in the lower court and before this Court**.

Moreover, bad faith is at issue here. Appellants' counsel flat out asked, on record at the status conference before the lower court, opposing counsel to consent to a continuance given the fact that the Commonwealth has engaged in rolling document production as recent as this past Sunday, 95 animals were taken representing 17 species, a fact that requires multiple experts to examine ongoing document production, and all the reasons listed in Appellants' Complaint and correlated Emergency Motion. The Commonwealth said: no, attempting to force Appellants into a compromised position.

As Appellants argued, this is a unique situation, which Appellants are not afforded any opportunity to argue for equitable relief in General District Court, and are at a decisive disadvantage by being forced to respond—in 10 days—to a forfeiture hearing of which the Commonwealth of Virginia admitted to the lower court was years in the making.

<u>Commonwealth of Virginia v. Sally Minetree</u>. This case, which was referred to by counsel for Appellees at the status conference, concerned an appeal bond of $61,000 set by the Fauquier General District Court following a hearing for the forfeiture of 72 dogs. Petitioner sought to enjoin or "remove" the appeal bond in order to perfect an appeal in the Circuit Court. The Eastern District found Petitioner failed to establish a likelihood of success by application of the anti-

injunction act (28 U.S.C. Section 2283) and did not consider the remaining factors of <u>Winter v. Natural Resources</u> (standard for granting injunction).

Under <u>Mitchum v. Foster</u>, 407 U.S. 225 (1972), the anti-injunction act is not applicable to Section 1983 claims, which expressly authorizes federal injunctions of state proceedings because its purpose was to "interpose the federal courts between the States and the people" and to enforce the 14th Amendment against state action. This case has been undoubtedly brought under Section 1983.

Thus what remains is the <u>Younger</u> doctrine and its progeny and as Appellants have shown above, <u>Middlesex</u> requires the equitable intervention that Appellants seek because the General District Court in this instance simply cannot grant the injunctive relief, which Appellants seek with respect to their Constitutional challenge before the lower court and this Court. Consequently, the balance of equities and likelihood of success on the merits and other <u>Winter</u> factors clearly favor Appellants, because of the Supreme Court's recognition that Federal Court intervention is paramount when State Courts simply cannot hear Constitutional challenges as a matter of law—and again this is a case about the government taking property valued in the millions and the irreparable harm to reputation and business is clear. Appellants request that this Court grant this Motion.

## COMPLIANCE WITH FRAP RULE 8

This motion is filed in compliance with FRAP Rule 8, which allows for the stay of proceedings pending an appeal.

## CONCLUSION

In light of the aforementioned grounds, the Appellants respectfully request this Honorable Court to grant a stay of the order issued by U.S. District Court Judge Norman Moon, and order that the subject civil forfeiture hearing be stayed until the Constitutional challenges regarding adequate due process to defend against the taking of Appellants' property is heard and resolved by this Court.

Respectfully submitted, this 19th day of December, 2023.

/s/ MARIO B.WILLIAMS
Mario B. Williams
Va. Bar No. 91955

**HUMANITY DIGNITY AND RIGHTS LLC**
5600 Roswell Road
Building C, Suite 103
Sandy Springs, Georgia 30342
(404) 341-4434
mwilliams@hdrattorneys.com
admin@hdrattorneys.com
*Counsel for Plaintiffs*